UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 28 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUVENAL OVIDIO RICARDO<br>PALMERA PINEDA,<br><br>Defendant. | Cr. No. 04-232 (TFH) |

### MEMORANDUM OPINION

Pending before the Court is a Motion to Reconsider Ruling Pertaining to Scope of Waiver of Attorney-Client Privilege [# 62] filed by the defendant, Juvenal Ovidio Ricardo Palmera Pineda, who will hereafter be referred to by his nom de guerre, Simon Trinidad. After carefully considering the defendant's motion, the United States' opposition, and the defendant's reply thereto, as well as the entire record in this case, the Court will deny the defendant's motion for the reasons that follow.

### DISCUSSION

On January 24, 2006, the Court held a hearing in this case to entertain the parties' presentation of evidence and oral arguments regarding the defendant's Motion to Suppress. During the hearing, defense counsel advised the Court that he intended to call as a witness Oscar Silva-Duque, who is an attorney representing the defendant in legal proceedings in Colombia. The Court inquired whether the defendant understood the implications of waiving the attorney-client privilege and allowed defense counsel time to discuss the matter with the defendant. At the continuation of the hearing the following day, defense counsel stated that the defendant was willing to waive the attorney-client privilege with respect to a March 31, 2004 telephone

conversation with Mr. Silva-Duque involving a discussion about whether the defendant should meet with Federal Bureau of Investigation ("FBI") agents. Defense counsel also stated that the defendant was willing to waive the attorney-client privilege with respect to an April 2, 2004 conversation with Mr. Silva-Duque about meeting with the same FBI agents on that date. Defense counsel went on to state that "[i]t is our position that and Mr. Trinidad agrees that he is willing to waive his privilege with his attorney and then limit the waiver to those particular areas."

In light of defense counsel's position that the defendant was willing to waive the attorney-client privilege if he could do so selectively, the Court expressed skepticism about whether a selective waiver would be recognized in this jurisdiction and cited several cases for the parties' reference. The context of the Court's observations, however, served only to establish for the record that the defendant understood exactly what was at risk if he elected to allow his Colombian attorney to testify and thereby waived the attorney-client privilege. The Court made clear that it would not issue a ruling about the defendant's entitlement to selective waiver and stated that it was the defendant's decision whether to risk waiving the attorney-client privilege by calling his Colombian attorney as a witness. Indeed, the Court could not make such a ruling at that time because, as a legal matter, no disclosure had yet occurred. Consequently, any such ruling would have been premature and tantamount to an advisory opinion.

The issue of whether and to what extent the defendant waived the attorney-client privilege by allowing Mr. Silva-Duque to testify has never been presented to the Court in a posture that was ripe for adjudication. During the United States' cross-examination of Mr. Silva-Duque, the defense objected only twice to assert attorney-client privilege. Hr'g Tr. 181-82, 190-91. The Court sustained both objections. Id. All other objections were based almost exclusively

2

on the premise that the questioning exceeded the scope of the direct examination. Id. at 184-87.

Because no ruling was issued by the Court regarding whether the defendant waived the attorney-client privilege and, as a corollary, the scope of the waiver, the Court will deny the defendant's motion as premature.

## CONCLUSION

For the reasons set forth above, the Court will deny the defendant's Motion to Reconsider Ruling Pertaining to Scope of Waiver of Attorney-Client Privilege. An appropriate Order will accompany this Memorandum Opinion.

March 27, 2006

Thomas F. Hogan
Chief Judge

3