UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 28 2007

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JUVENAL OVIDIO RICARDO
PALMERA PINEDA,
   also known as Simon Trinidad,
   also known as Cristo Rey Mariscal Peralta,

Defendant.

Cr. No. 04-232 (TFH)

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Government's Motion for Reconsideration or in the Alternative to Retain Special Jury Panel and for the Immediate Reassignment of the Case to a New Judge, which was filed by the United States yesterday. After carefully considering the motion, as well as the opposition thereto filed by the defendant this morning, and for the reasons that follow, the motion will be denied as moot.

In accordance with the bench ruling issued on March 26, 2007, the Court recused itself from presiding over this case notwithstanding its determination that the motion for recusal filed by the defendant was legally insufficient and premised on innuendo that lacked merit with regard to the remedy sought. The Court held that defense counsel's tactic in pursuing the motion so tainted the proceedings that recusal was warranted in light of the unique circumstances of the case. The government now seeks the Court's reconsideration of that decision or, alternatively, to retain the special jury panel and have the case immediately reassigned to another judge to avoid further trial delays.

Whether a judge may reconsider a decision to recuse appears to be a matter of dispute

among the circuits. For example, in *Doddy v. OXY USA, Inc.*, 101 F.3d 448, 458 (5th Cir. 1996), the Fifth Circuit considered as a matter of first impression whether it was error for a district court judge to vacate her order recusing herself and ultimately held that, after recusal, a judge may take no further action "except the necessary ministerial acts of transferring [the case] to another judge . . . ." The Second Circuit, on the other hand, more recently held that "[t]here is no reason to prohibit a judge from reconsidering a recusal decision, at least in the absence of transfer of the case to another judge." *United States v. Lauersen*, 348 F.3d 329, 338 (2d Cir. 2003). Although the D.C. Circuit suggested in an unpublished decision that reconsideration of a decision to deny a motion to recuse is within the discretion of the court, *see Sindram v. Hines*, No. 03-8004, 2003 U.S. App. LEXIS 23592, at *2-3 (D.C. Cir. Nov. 18, 2003), whether that same standard would apply to reconsideration of a decision that granted recusal does not appear to have been squarely addressed in this circuit. Regardless, the issue is now moot given that, pursuant to the Order dated March 27, 2007 [252], this case was immediately randomly reassigned to Judge Royce C. Lamberth pursuant to LCrR 57.10 of the Rules of the District Court for the District of Columbia.

Accordingly, for the stated reasons, Government's Motion for Reconsideration or in the Alternative to Retain Special Jury Panel and for the Immediate Reassignment of the Case to a New Judge is denied as moot. The parties shall contact Judge Lamberth's chambers to schedule further proceedings in this case.

**SO ORDERED.**

March 27th, 2007

Thomas F. Hogan
Chief Judge